## APPROPRIATION OF FARES BY A STREET RAILWAY CONDUCTOR.

Common Pleas Court of Summit County.

DAVID STALNAKER v. STATE OF OHIO.

Decided, March 28, 1919.

*Criminal Law—Conversion of Street Railway Fares by a Conductor—*
*Does not Constitute Embezzlement, When.*

Where the rules of a street railway provide that no conductor shall deposit a fare for a passenger in the fare box, a prosecution for embezzlement does not lie against a conductor who is accused of receiving fares which he did not deposit in the box but appropriated to his own use.

McCLURE, J.

The plaintiff in error, David Stalnaker, was on January 30, 1918, tried and convicted in the police court of the city of Akron for the offense of embezzlement, the charge having been brought against him by the Northern Ohio Traction & Light Co., in whose employ as a street-car conductor he was during the month of January, 1918; that he did unlawfully embezzle and convert to his own use, as the agent of said company, certain money of the amount and value of twenty dollars and eighty cents of the personal property of the said the Northern Ohio Traction & Light Company.

The case is now before this court on error, and several grounds are alleged in the petition, one of which is "that the court erred in overruling the motion of the defendant for an acquittal of the defendant, after plaintiff had rested its case.

The state offered evidence on the trial of the case for the purpose of showing that the accused, who it is conceded was employed by the traction company in the capacity of a conductor on its street-cars, had received money from passengers for the purpose of making change, and, instead of depositing the correct fare of five cents in the fare-box, would deposit a penny only, retaining and appropriating the balance of four cents to his own use.

It is the contention of counsel for plaintiff in error that, even though it were conceded that the above state of facts were true,

the defendant could not be lawfully convicted of the offense of embezzlement under the testimony introduced by the state, for the reason that it is conclusively shown by the testimony of the witness Brown, a division superintendent of the traction company, that the rules of said company governing the conduct of its employees expressly provide that no conductor shall deposit the fare of a passenger, his sole duty being to make the proper change for the passenger, but in no case to deposit the fare in the fare-box.

The offense of embezzlement, as related to the present case, is defined by Section 13467, General Code, in the following language: ''Whoever being an  *  *  *  servant or employee of a person  *  *  *  embeszzles or converts to his own use  *  *  * any thing of value which shall come into his possession by virtue of his  *  *  *  employment if the total value of the property embezzled  *  *  *  is thirty-four dollars or more,'' shall be punished as therein provided.

The essential elements of the offense, as defined by Underhill on Criminal Evidence, are as follows: (1) that the accused was the agent of the person or corporation, and that he by the terms of his employment was charged with receiving the money or property of his principal; (2) that he did in fact receive such money or property; (3) that he received it in the course of his employment; and (4) that knowing it was not his own, converted it to his own use, or the use of some third person not the true owner.

It is evident, therefore, that unless it can be established that the defendant unlawfully converted to his own use money of the Northern Ohio Traction and Light Company which came to his hands in the course of his employment as the agent of said company, he can not be guilty of the offense of embezzlement.

The testimony of Charles L. Brown, a division superintendent of the Northern Ohio Traction & Light Company, in relation to the scope of the employment of the defendant in the receipt of fares for the company is as follows:

Q.   What is the rule with which your company governs such an employee as this with respect to accepting fares from customers, I suppose you have a printed rule?

A.   They are not allowed to accept fares from passengers on the car.

Q.   What are their instructions?

A.   The passenger is supposed to deposit his own fare in the box.

Q.   Then the employee, as I understand it, it is not his duty to receive any money at all?

A.   As a rule, no.   Not his duty to deposit any fares.   Receiving money is a different question.

Q.   This man is employed by your ·as a conductor?

A.   Yes.

Q.   Was it or not a part of his duty in the course of his employment to receive fares from passengers?

A.   Receive fares?

Q.   Accept fares from your passengers?

A.   The rule is I'll say that in cases of crowded cars where passengers can not get to the fare-boxes they have been taking the fares and depositing them in the box.

Q.   What is your rule?

A.   The rule is that no conductor shall deposit a fare for the passengers.

Q.   Nor receive any fare for the passengers?

A.   Absolutely.

It appears further from the testimony of Mr. Brown that when the employee had been working for the campany a sufficient length of time, so that his wages would cover the amount furnished him, he was supplied with change to the extent of ten or fifteen dollars, and this was done in the case of the defendant. This change was intended for the accommodation of passengers who might not have the exact fare, and there is no claim that this fund, or any part of it, was embezzled by the defendant.

This evidence, the force of which is not altered or modified by that of any other witness, in the opinion of the court, definitely fixes the scope of the defendant's agency as an employee of the corporation, and shows beyond question that the rules of the company were framed expressly to prevent its employees from exercising any control whatever over the receipt of fares, it being quite clear that if the employee had no authority to deposit the fare he had no authority to receive it at all as the property of the company.

If the passenger undertook to delegate to the conductor the duty which rested upon him of depositing his fare in the fare-

box, while it might constitute the conductor the agent of the passenger, it certainly could not clothe him with an authority as an agent of the company, which authority was expressly withheld under the rules governing the scope if his employment.

The money which the passenger paid for his transportation did not acquire the character of property belonging to the company until it was actually deposited in the fare-box, and as to this we have seen the defendant owed no duty to the company under his employment which involved any control or dominion whatever over the fare itself, but only that the passenger should be required to deposit it or should be ejected from the car if he neglected or refused to do so.

In Wilson's Criminal Code, page 205, this rule is laid down:

"Should a person employed take and convert to his own use property of his employer, which does not come into his possession, care or custody by virtue of his position or employment, and which he has no right or authority to have, this would be larceny as much as though unlawfully taken from another person."

From the foregoing considerations it necessarily appears that there was a failure to establish the guilt of the defendant of the crime of embezzlement, and, since there was no count for larceny in the affidavit upon which he was tried, it became the duty of the court to sustain the motion of the defendant for an acquittal at the conclusion of the evidence of the state.

This conclusion renders it unnecessary to examine the other ground of error, namely, the admission upon the trial of evidence of an extra judicial confession alleged to have been made by the defendant. It would appear, however, from an examination of the case of *State* v. *Maranda,* cited by counsel upon both sides of this case, that under the rule therein announced it would be impossible to predicate error in the admission of evidence of an extra judicial confession in a case where the state had introduced any evidence whatsoever tending to prove any one of the elements of the crime charged.

The judgment of conviction entered in the police court is reversed, at the cost of defendant in error, and the plaintiff in error, defendant below, is discharged. Exception for defendant in error.